ANDREW J. LINDSTROM v. THOMAS FITZPATRICK and Another.[1]

August 7, 1908.

Nos. 15,720—(232).

**Evidence—New Trial.**

In this an action upon an alleged contract settling a claim for personal injuries, it is *held* that the evidence is sufficient to sustain the verdict for the plaintiff, that it was not error to deny a new trial on the ground of newly discovered evidence, and, further, that there was no reversible error in the rulings of the court as to the admission of evidence.

Action in the district court for Ramsey county to recover $3,000 on a contract for settlement of damages caused by personal injuries sustained by plaintiff while in defendants' employ and engaged in unloading a truck. The case was tried before Hallam, J., and a jury which rendered a verdict in favor of plaintiff for the sum demanded. From an order denying defendants' motion for judgment notwithstanding the verdict or for a new trial, they appealed. Affirmed.

*Price Wickersham* and *Armand Albrecht,* for appellants.

*James E. Markham* and *Benjamin Calmenson,* for respondent.

START, C. J.

On July 29, 1907, the plaintiff was in the employ of the defendants as a carpenter, and while assisting, by the direction of the defendants, in unloading some heavy steel beams from a truck, he was injured by the falling of one of the beams upon one of his feet, whereby it was so mangled and broken that it was necessary to amputate it at the arch thereof. He claimed that such injuries were due to the negligence of defendants, and he made in good faith a claim against them for the damages he had sustained in consequence of such injuries.

This action was brought, in the district court of the county of Ramsey, to recover upon an alleged contract of settlement of the plaintiff's claim, whereby the defendants agreed to pay, and the plaintiff to receive, the sum of $3,000 in full settlement of the claim. The

[1] Reported in 117 N. W. 441.

allegations of the complaint were to that effect, which were denied by the answer. This issue was submitted to a jury, and a verdict returned in favor of the plaintiff for $3,000. The defendants appealed from an order denying their motion for judgment or a new trial.

The assignments of error present for our decision three questions: (a) Did the trial court err in refusing the defendants' request to instruct the jury to return a verdict for them? (b) Did it abuse its discretion in denying their motion for a new trial on the ground of newly discovered evidence? (c) Were any of its rulings on the admission of evidence reversible error?

1. It is the contention of defendants' counsel that there was no evidence justifying the submission of the issue as to the alleged contract of settlement to the jury; hence the court erred in refusing to charge as requested, and also in denying the motion for judgment. It is admitted that the defendants were insured against liability for the plaintiff's injuries in an insurance company, and that negotiations for a settlement of the liability were commenced by C. M. Bracelon, an agent of the company, but at the time the alleged contract of settlement was made one of the defendants was also present. The controlling questions of fact on the trial were: Did Bracelon act for the defendants in negotiating the compromise, and did he so act and make the alleged settlement? If so, did the defendants in fact authorize him so to act for them, or hold him out as having such authority? The trial court submitted these questions to the jury, with instructions relevant thereto which were apparently satisfactory to the defendants, as no exceptions to them were taken on the trial, or on the motion for judgment or a new trial. If, however, there was no evidence tending to show such agency of Bracelon, or any holding him out as such, it was error to submit the question, and the defendants' request for a directed verdict should have been granted.

We have considered the evidence relevant to these questions with care, and have reached the conclusion that, if the testimony of the plaintiff and other witnesses on his behalf is entitled to credence, of which the jury were the judges, the evidence is sufficient to sus-

tain a finding in plaintiff's favor on the questions, and that the verdict is sustained by the evidence. We so hold.

2. The motion for a new trial on the ground of newly discovered evidence was one addressed to the discretion of the trial court. It appears from the record that the counsel for the defendants made frequent inquiries, before and during the trial, for the purpose of obtaining further information concerning the alleged settlement, but found none; that a few days after the verdict was rendered counsel employed a detective agency to make inquiry among the plaintiff's fellow workmen and neighbors to ascertain if he had made any admissions or statements concerning the alleged settlement inconsistent with his testimony on the trial; and, further, that several persons were found who respectively made their affidavits tending to show such admissions and statements by the plaintiff. It also appears that there were counter affidavits by the plaintiff and others, some of them the defendants' proposed new witnesses. We are satisfied, from an examination of all of the affidavits, in connection with the evidence given on the trial, that the trial court did not abuse his discretion in denying the motion for a new trial on account of newly discovered evidence.

3. On the plaintiff's cross-examination, his attention was called to the fact that a former suit had been brought in his name against the defendants on the original alleged cause of action for damages on account of his injuries, which was dismissed. He denied that he ever brought such a suit. On his redirect examination he was asked what his understanding was as to such suit. The question was objected to by defendants, objection overruled, and the witness answered that his idea was that it was for the promise of $3,000. This ruling is assigned as error. If the plaintiff, with a full understanding of all of the facts, had commenced such former action, it would have been a matter affecting the credibility of his testimony as to the alleged settlement. If, on the other hand, the plaintiff never knew or understood that any action had been commenced upon the original cause of action, it was proper to show such fact to rebut the inference that otherwise might be drawn from the commencement of the former action. It was competent to prove such fact

by his direct testimony. Berkey v. Judd, 22 Minn. 287. There was no error in the ruling complained of.

We have examined the other alleged errors as to the rulings of the court relating to the admission of evidence, and find no reversible errors therein.

Order affirmed.